IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| HANNELORE BUGBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. |
| | ) |
| THE STATE LIFE INSURANCE COMPANY, | ) |
| **Serve Department of Insurance at:** | ) |
| **221 Bolivar Street** | ) |
| **Jefferson City, MO 65101** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Hannelore Bugby ("Plaintiff"), hereby states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff is resident of St. Louis County, Missouri.

2. Defendant, The State Life Insurance Company ("Defendant") is foreign insurance company authorized to transact business in the State of Missouri.

3. Defendant is domiciled in the State of Indiana, with a principal place of business in Indianapolis, Indiana.

4. Defendant markets products such as life insurance and long term care insurance to consumers such as Plaintiff.

### COUNT I – Declaratory Judgment- RSMo. §527.100

5. Plaintiff restates and incorporates by reference Paragraphs 1 through 4 as if fully set forth herein.

6. On or about March 11, 2001, Defendant issued and delivered a certain Long Term Care Insurance Policy (the "Policy") Number 12-120015328 to Plaintiff, and her former

1

husband, Robert Bugby. A true and correct copy of the Policy is attached hereto and is incorporated herein by reference as Exhibit 1.

7. Plaintiff paid each and every premium required under the Policy since the date that the Policy was issued.

8. Under the terms of the Policy, Defendant promised to pay Plaintiff certain benefits in the event that Plaintiff became "Chronically Ill", which is defined in the Policy as follows:

> "... You have been certified by a Licensed Health Care Practitioner as:
> - being unable to perform, without substantial assistance at least two activities of daily living for a period of at least ninety (90) days due to loss of functional capacity; or
> - having a severe cognitive impairment."

*See* Exhibit 1.

9. In approximately 2012 or 2013, in response to a request by Plaintiff, Defendant began paying benefits under the terms of the Policy to Plaintiff in the form of payment for part time assistance in Plaintiff's home.

10. In approximately January 2015, Plaintiff delivered to Defendant a certification completed by a licensed health care practitioner, certifying that Plaintiff was chronically ill and was unable to perform two activities of daily living, bathing and dressing, without either stand by assistance or hands-on assistance from another individual, and that the loss of such functional capacity was expected to continue for at least ninety (90) days from the onset of the loss.

2

11. Subsequently, in January of 2016, an assessment conducted by a licensed healthcare provider concluded that Plaintiff required at least partial assistance bathing and dressing.

12. Additionally, on September 26, 2016, one of Plaintiff's treating physicians, Dr. Mark H. Gregory, MD, confirmed in writing that Plaintiff was "chronically disabled" and had required assistance with bathing and dressing for the four prior years.

13. In approximately July of 2016, Plaintiff contacted Defendant and informed Defendant that as a result of further deterioration of her condition, she intended to move into an assisted living facility, which would require increased benefits.

14. Defendant initially informed Plaintiff that she would be entitled to benefits in the amount of $395.00 per day toward the cost of residing at an assisted living facility.

15. Based on Defendant's communications, in August of 2016, Plaintiff placed a deposit with a licensed assisted living facility.

16. In approximately January of 2017, Defendant notified Plaintiff that Defendant would require Plaintiff to complete an assessment as to Plaintiff's medical condition.

17. On or about January 19, 2017, two representatives of Defendant met Plaintiff at Plaintiff's residence for the purported purposes of performing an, "assessment".

18. On or about February 15, 2017, Defendant denied Plaintiff's claim for benefits under the terms of the Policy, stating that Plaintiff did not, "have a severe cognitive impairment or require substantial assistance with at least two activities of daily living listed in the Policy."

19. Plaintiff timely appealed Defendant's denial of her claim.

20. By letter dated August 14, 2017, Defendant denied Plaintiff's appeal of the denial of her claim.

21. Plaintiff has fulfilled all applicable conditions precedent under the terms of the Policy.

22. There exists a judiciable controversy between the parties regarding whether Defendant has materially breached its obligations under the terms of the Policy by denying Plaintiff's claim for additional benefits to which she is entitled under the terms of the Policy.

23. As a result of Defendant's refusal to pay the aforesaid benefits, Plaintiff has been damaged, and continues to suffer damages.

24. Plaintiff is entitled to recover her reasonable attorney's fees incurred herein in accordance with RSMo. Section 527.100.

WHEREFORE, Plaintiff prays that the Court enter judgment in Plaintiff's favor, declaring that Plaintiff is "Chronically Ill" under the terms of the Policy, and therefore, is entitled to additional benefits under the terms of the Policy, for actual damages against Defendant in an amount to be determined at trial in excess of $75,000.00, that Defendant pay Plaintiff's costs incurred herein and legal fees incurred herein, and for such other and further relief as this Court deems fit and proper.

## COUNT II – Breach of Contract

25. Plaintiff restates and incorporates herein by reference the allegations set forth in Paragraph 1 through 24 of this Complaint as if fully set forth herein.

26. The Policy constitutes a valid and binding contract between the parties.

27. Plaintiff satisfied all conditions precedent to Defendant's payment of benefits, or Defendant otherwise waived same.

28. In breach of the terms of the Policy, Defendant improperly denied Plaintiff's request for benefits.

4

29. Plaintiff was thereby damaged, and continues to suffer damages, in an amount to be determined at trial.

WHEREFORE, Plaintiff prays that the Court enter judgment in Plaintiff's favor, for actual damages against Defendant in an amount to be determined at trial in excess of $75,000.00, and for such other and further relief as this Court deems fit and proper.

## COUNT III – VEXATIOUS REFUSAL TO PAY
## PURSUANT TO RSMo. 375.296 AND 375.420

Plaintiff restates and incorporates by reference the allegations set forth in Paragraphs 1 through 24 as if fully set forth herein.

30. The Policy was valid and in force at all relevant times herein.

31. Plaintiff has made demand for payment and/or benefits due under the terms of the Policy after Plaintiff's benefits were denied by February 15, 2017, however, Defendant has refused to pay within thirty (30) days and still refuses to pay to this date.

32. Defendant's refusal to pay is vexatious and without reasonable cause or excuse.

WHEREFORE, Plaintiff prays for actual damages against Defendant, pre-judgment and post-judgment interest, a penalty not to exceed twenty percent (20%) of the first $1,500.00 of the award on the Policy not including interest and ten percent (10%) of the remainder of such award pursuant to RSMo. 375.420, attorney's fees, costs, and for such other and further relief as this Court deems fit and proper.

BERGER, COHEN &
BRANDT, L.C.


/s/ Steven M. Cohen
Steven M. Cohen, FED #33794MO
John Grellner, FED #50638MO
8000 Maryland Ave., Suite 1500
Clayton, Missouri 63105
 (314) 721-7272
 (314) 721-1668;  Facsimile
scohen@bcblawlc.com
Attorney for Plaintiff