UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

HANNELORE BUGBY,                      )
                                      )
        Plaintiff,                    )
                                      )
    v.                                )    No. 4:17-CV-2345 CAS
                                      )
THE STATE LIFE INSURANCE COMPANY,     )
                                      )
        Defendant.                    )

### ORDER CONCERNING JURISDICTION

This matter is before the Court on review of the file. "Courts have an independent obligation to determine whether subject-matter jurisdiction exists[.]" Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010). "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." Kessler v. National Enters., Inc., 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks and quoted case omitted). Statutes conferring diversity jurisdiction are to be strictly construed, Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992), and the burden of proving all jurisdictional facts is on the party asserting jurisdiction, here the plaintiff. See McNutt v. General Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 189 (1936).

In this case, plaintiff's complaint does not allege a basis for federal jurisdiction, but contains allegations concerning the parties' places of residence, domicile, and principal place of business. Complaint at 1, ¶¶ 1, 3-4.[1] Plaintiff's complaint asserts only state law causes of action, so it appears plaintiff is attempting to invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332. Complete

---

[1] Section II of the Civil Cover Sheet, "Basis of Jurisdiction," was left blank and therefore also does not indicate a basis of federal jurisdiction.

diversity of citizenship between plaintiffs and defendants is required by 28 U.S.C. § 1332. <u>Buckley v. Control Data Corp.</u>, 923 F.2d 96, 97, n.6 (8th Cir. 1991). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." <u>OnePoint Solutions, LLC v. Borchert</u>, 486 F.3d 342, 346 (8th Cir. 2007).

To establish complete diversity of citizenship, a complaint must include factual allegations of each party's state of citizenship. <u>Sanders v. Clemco Industries</u>, 823 F.2d 214, 216 (8th Cir. 1987); <u>see</u> 28 U.S.C. § 1332(a). It is well established that allegations concerning the parties' residency do not satisfy requirements for federal diversity jurisdiction. <u>Reece v. Bank of New York Mellon</u>, 760 F.3d 771, 777-78 (8th Cir. 2014); <u>Pattiz v. Schwartz</u>, 386 F.2d 300, 301 (8th Cir. 1968) (citing cases). "In both common parlance and legal usage, 'resident' and 'citizen' have overlapping but distinct meanings. <u>See</u>, <u>e.g.</u>, <u>Black's Law Dictionary</u> 1502 (10th ed. 2014) (explaining 'a resident is not necessarily either a citizen or a domiciliary'); <u>New Oxford American Dictionary</u> 1485 (3d ed. 2010) (defining 'resident' as 'a person who lives somewhere permanently *or on a long-term basis*' (emphasis added))." <u>Reece</u>, 760 F.3d 778.

Plaintiff's complaint alleges that plaintiff is a "resident of St. Louis County, Missouri." Complaint at 1, ¶ 1. This allegation is insufficient to establish that plaintiff is a citizen of Missouri.

Plaintiff's complaint alleges that defendant is a "foreign insurance company" "domiciled in the State of Indiana, with a principal place of business in Indianapolis, Indiana." Complaint at 1, ¶¶ 2-3. For purposes of determining whether diversity jurisdiction exists in federal court, a corporation is considered a citizen of both its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). Plaintiff's allegation that defendant is "domiciled" in Indiana is not equivalent to an allegation that defendant is incorporated in Indiana. A corporate domicile is the "place considered by law as the center of corporate affairs, where the corporation's

2

functions are discharged." Black's Law Dictionary 501 (7th ed. 1999) (explaining that a corporate domicile is usually "its state of incorporation <u>or</u> the state in which it maintains its principal place of business.") (emphasis added).[2]

Plaintiff's complaint is procedurally defective because it does not contain sufficient allegations of jurisdictional facts to establish the existence of diversity of citizenship. Plaintiff will be required to amend her complaint to correct this defect, and will be granted five (5) days to do so. Plaintiff's failure to timely and fully comply with this Order will result in the dismissal of this case without prejudice for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that by **September 6, 2017**, plaintiff shall file an Amended Complaint that alleges facts establishing the citizenship of all parties to this action.

**IT IS FURTHER ORDERED** that if plaintiff does not timely and fully comply with this Order, this matter will be dismissed without prejudice for lack of subject matter jurisdiction.

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this  1st  day of September, 2017.

---

[2] In Section III of the Civil Cover Sheet, "Citizenship of Principal Parties," plaintiff checked a box indicating that defendant is incorporated in or has its principal place of business in Missouri.